IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
KATHERINE B. ROBINSON,            )
                                  )
     Plaintiff,                   )
                                  )
     v.                           )     1:15cv475(JCC/MSN)
                                  )
DEPARTMENT OF JUSTICE, DRUG       )
ENFORCEMENT ADMINISTRATION, et    )
al.,                              )
     Defendants.                  )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Department of Justice/Drug Enforcement Administration's ("DOJ/DEA" or "Defendant") Motion to Dismiss. [Dkt. 3.] The Court granted the motion from the bench. This opinion memorializes the Court's reason for its decision.

### I. Background

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Katherine Robinson ("Robinson" or "Plaintiff") worked at DEA for twenty-five years before she was terminated on an unspecified date. (Notice of Removal [Dkt. 1], Ex. B, at 4.) Robinson

1

claims she was sexually harassed by her immediate supervisor at DEA. (*Id.*) She reported her harassment and filed a complaint with "EEO." (*Id.* at 5.) After filing the complaint, "things started happen[ing] around [her] desk at work and [her] home." (*Id.*) Specifically, she avers that the lock on her work locker was changed so that she could not get her purse and keys to return home. (*Id.*) Additionally, her car had a flat tire, and "[t]hings from [her] home started showing up in [her work] desk draw[er]" which had been locked. (*Id.* at 4-5.) She advised her third-line supervisor that some of her co-workers had entered her home illegally and she believed that "they were looking for the EEO sexual harassment complaint." (*Id.* at 7.)

According to Robinson, the "[o]nly way [she] could show proof that things were happening to [her] at home and [her] work station was to take pictures," so she took pictures of her office space, even though she "worked in a secure department." (*Id.* at 6.) Robinson did not think it was a problem to take pictures because the department had holiday parties, baby showers, and the like "and taking pictures [was] never a problem before." (*Id.*) One of her supervisors told her to stop taking pictures, which Robinson asserts she did, but that "[a]s [she] was putting [her] camera away, [her] camera dropped to the floor and the flash went off." (*Id.* at 9.)

2

After the camera incident, which occurred on May 14, 1997, Robinson was terminated from her job after an investigation. (*Id.* at 8-9.) On June 6, 2013 Robinson filed a complaint nearly identical to the one here in the Circuit Court for Prince George's County, Maryland against DOJ/DEA. (Def.'s Mem. in Supp., Ex. B, at 9.) Defendant removed the case to the District Court of Maryland. (*Id.*) Defendant then moved to dismiss Robinson's complaint for lack of subject matter jurisdiction, for failure to state a claim, and insufficient service of process. (*Id.*) The Court dismissed Robinson's complaint. To the extent Robinson's complaint asserted claims under Title VII, the Court held that her complaint must be dismissed for failing to exhaust her administrative remedies. (*Id.* at 14.) The Court also held that the court did not have jurisdiction to entertain her wrongful termination claim under the Civil Service Reform Act ("CSRA"). (*Id.* at 15.) Finally, the Court held that the Court lacked jurisdiction over the entire suit because the state court lacked jurisdiction in the first instance. (*Id.* at 16.)

Robinson filed the present lawsuit in the Circuit Court for Arlington County on January 26, 2015, naming DOJ/DEA and the Virginia Unemployment Commission as defendants. (Notice of Removal, Ex. B.) Defendant timely removed under 28 U.S.C. § 1442. (Notice of Removal, Ex. B, at 2.) Defendant moves to

3

dismiss for lack of subject matter jurisdiction and for failure to state a claim. (Def.'s Mem. in Supp. [Dkt. 4] at 4-5.) Robinson has not opposed this motion and she did not appear for the motion hearing. Having been briefed and argued, this motion is ripe for disposition.

## II. Analysis

### A. Subject Matter Jurisdiction

Construing the complaint to allege claims for sexual harassment and retaliation under Title VII as well as wrongful termination, Defendant notes that the Virginia state court where Robinson originally filed her complaint had no jurisdiction to hear Title VII or wrongful termination claims brought by federal employees, and that because the case was removed to this Court, this Court also lacks such jurisdiction. (Def.'s Mem. in Supp. at 10-11.)

A claim against a federal employer under Title VII must be filed in federal, not state court. *See Bullock v. Napolitano*, 666 F.3d 281, 284 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 190 (2012). A state court is similarly without jurisdiction to review any wrongful termination claims under the provisions of the Civil Service Reform Act ("CSRA"). *See* 5 U.S.C. §§ 7701, 7703. Thus, the Circuit Court for Arlington County lacked subject matter jurisdiction to hear Robinson's Title VII and wrongful termination claims.

4

When a case is removed from state court to federal court under 28 U.S.C. § 1442, as was done here, "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."  *Bullock*, 666 F.3d at 286 (citations and internal quotation marks omitted). As a result, because the Virginia state court lacked jurisdiction to entertain Robinson's claims in this case, this Court did not acquire jurisdiction by reason of the case's removal under 28 U.S.C. § 1442 from state to federal court. Thus, Robinson's claims must be dismissed because this Court lacks subject matter jurisdiction to hear her claims.

**B. Wrongful Termination Claim**

Even if this Court did have subject matter jurisdiction over this lawsuit, this Court lacks jurisdiction to hear Robinson's claim for wrongful termination.  The CSRA "established a comprehensive system for reviewing personnel action taken against federal employees."  *Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2130 (2012) (citing *United States v. Fausto*, 484 U.S. 439, 455 (1988)).  Employees entitled to review are those in the "competitive service" and "excepted service" who meet certain requirements regarding probationary periods and

5

years of service.[1] *Elgin*, 132 S. Ct. at 2130. If an agency takes final adverse action against a covered federal employee, the CSRA gives the employee the right to a hearing before the Merit Systems Protection Board ("MSPB"). *Elgin*, 132 S. Ct. at 2130 (citing 5 U.S.C. § 7701(a)(1)-(2)). An employee who is dissatisfied with the MSPB's decision is entitled to judicial review in the United States Court of Appeals for the Federal Circuit. *Id.* (citing 5 U.S.C. § 7703(b)(1)(A)). The "CSRA's elaborate framework demonstrates Congress' intent . . . that extrastatutory review is not available to those employees to

---

[1] As the Supreme Court explained in *Elgin*, the CSRA divides civil service employees into three main categories.

> "Senior Executive Service" employees occupy high-level positions in the Executive Branch but are not required to be appointed by the President and confirmed by the Senate. 5 U.S.C. § 3131(2). "[C]ompetitive service" employees . . . are all other Executive Branch employees whose nomination by the President and confirmation by the Senate are not required and who are not specifically excepted from the competitive service by statute. § 2102(a)(1). The competitive service also includes employees in other branches of the Federal Government and in the District of Columbia government who are specifically included by statute. § 2102(a)(2)-(3). Finally, "excepted service" employees are employees who are not in the Senior Executive Service or in the competitive service. § 2103.

*Elgin*, 132 S.Ct. at 2130 n.1.

6

whom the CSRA grants administrative and judicial review." *Elgin*, 132 S. Ct. at 2133.

Here, Robinson is a covered federal employee. Any claim for wrongful termination must have been brought through the administrative and judicial procedures outlined in the CSRA. Accordingly, this Court does not have jurisdiction to hear her wrongful termination claim, and as such it must be dismissed.

### C. Title VII Claims[2]

Even if this Court had jurisdiction over this action, Robinson's Title VII claims must be dismissed for failure to exhaust her administrative remedies. "Federal employees who seek to enforce their rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C.C § 2000e et seq., must exhaust their available administrative remedies prior to pursing an action in federal court." *Austin v. Winter*, 286 F. App'x 31, 35 (4th Cir.

---

[2] Defendant argues that res judicata, or claim preclusion, bars Robinson from asserting these claims here since they were already decided in the Maryland litigation. (Def.'s Mem. in Supp. at 5-7.) However, the Maryland district court ultimately concluded it lacked jurisdiction to hear any of Robinson's claims, since the claims were originally filed in Maryland state court and that court did not have jurisdiction over any of Robinson's claims. (*See* Def.'s Mem. in Supp., Ex. B, at 16.) Therefore, since the Court lacked jurisdiction to hear Robinson's claims, there was no judgment on the merits as to whether she exhausted her administrative remedies, and res judicata does not apply here. *See United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 912 (4th Cir. 2013) ("[J]urisdictional dismissals are not judgments on the merits for purposes of res judicata.") (citations and internal quotation marks omitted).

7

2008) (citing *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832 (1976)). A federal employee must initiate contact with an Equal Employment Opportunity ("EEO") counselor within forty-five days of the occurrence of alleged discrimination to see if the issue can be resolved informally. 29 C.F.R. § 1614.105(a).[3] Should informal counseling fail, the employee is required to file a formal complaint within fifteen days of receiving notice to do so. 29 C.F.R. 1614.106(b). Following the employee's receipt of the agency's final decision, she has only ninety days to initiate a suit in federal court. 29 C.F.R. § 1614.407(a).

Here, Robinson does not allege that she has exhausted her administrative remedies. While the complaint does reference an EEO complaint, such a complaint was filed in 1997, approximately seventeen years ago. As such, Robinson has failed to initiate suit within the ninety-day period required by the pertinent regulation.

"In appropriate circumstances" the time limitations to initiating a lawsuit in federal court alleging discrimination may be subject to equitable tolling. *Zografox v. V.A. Med. Cntr.*, 779 F.2d 967, 970 (4th Cir. 1985); *see also Moret v. Green*, 494 F. Supp. 2d 329, 338 (D. Md. 2007). "Equitable

---

[3] Defendant notes that prior to 1999, including the time Robinson was employed by DEA, federal employees only had thirty days from the alleged discrimination to contact an EEO counselor. (Def.'s Mem. in Supp. at 8 (citing 29 C.F.R. 1613.214(a)(1) (1990).)

estoppel applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline." *Moret*, 494 F. Supp. 2d at 338 (citation and internal quotation marks omitted). "The statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in a timely fashion is the consequence of either a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Id.* (citation and internal quotation marks omitted). Here, Robinson has not alleged any facts that tend to show DOJ/DEA engaged in intentional misconduct that caused Robinson to miss the filing deadline. Therefore, even if the Court had jurisdiction to hear the Title VII claims, they must be dismissed for Robinson's failure to exhaust her administrative remedies.

### III. Conclusion

For the foregoing reasons, the Court dismissed Robinson's claims. Robinson's claims against the Virginia Employment Commission will be remanded back to state court, as this Court lacks jurisdiction over the Virginia Employment Commission. *See* Va. Code § 60.2-625(A) ("Within thirty days after the decision of the Commission upon a hearing pursuant to § 60.2-622 has been mailed, any party aggrieved who seeks

9

judicial review shall commence an action in the circuit court of the county or city in which the individual who filed the claim was last employed."); *Feliciano v. The Reger Grp.*, No. 1:14cv1670, 2015 WL 1539617, at *2 (E.D. Va. Apr. 7, 2015) ("This Court is not a 'circuit court' within the meaning of [60.2-625]."). Robinson has sixty days from the date of this Memorandum Opinion and accompanying Order to notice her appeal with the Clerk of Court. *See* Fed. R. App. P. 4(a)(1)(B) (stating notice of appeal may be filed within sixty days after entry of judgment if one of the parties is the United States or a United States agency). An appropriate order will issue.

|  | /s/ |
|---|---|
| June 3, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |